UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ANDRE L. HUDSON,<br><br>    Defendant.<br>_____ | No. CR-05-00578-CW (DMR)<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE OR PROBATION |

The magistrate judge recommends to the district court that it accept the defendant's admission to a violation of the terms and conditions of his supervision as charged in the Second Amended Petition filed on May 28, 2010. Specifically, at the hearing on June 2, 2010, the defendant admitted violation four in the petition charging that in violation of the standard condition to not commit another federal, state, or local crime, defendant drove a motor vehicle on or about May 21, 2009 while under the influence of alcohol, in violation of California Vehicle Code § 23152(a) (Driving Under the Influence of an Alcoholic Beverage), and subsequently pled nolo contendere to a violation of California Vehicle Code § 23103 (Reckless Driving). The magistrate judge makes the following findings:

    1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to admit the violation in district court and instead consented to admit the violation in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to

REPORT AND RECOMMENDATION
CR-05-00578-CW (DMR)
cc: to parties via ECF, Nikki Riley, Probation, 2 certified copies to U.S. Marshals

1  admit the violation in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal
2  Procedure 59, he could waive that right and consent to admit the violation in a hearing in magistrate
3  court.  The magistrate judge also advised him that it would issue a written report recommending that
4  the district judge accept the admission, that the district judge would review the recommendation and
5  decide whether to accept the admission, and that the district judge and not the magistrate judge
6  would sentence him.  The magistrate judge also advised him of the procedures (also set forth at the
7  end of this order) for challenging the magistrate judge's recommendation.  The defendant then
8  waived his right to proceed in district court and consented to the magistrate judge's conducting the
9  hearing regarding the admission of the supervised release violation.
10         2.  The magistrate judge then reviewed, and the defendant acknowledged that he understood,
11 the following: (a) the nature of the charge and the maximum penalty he faced; (b) his rights under
12 Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district judge, not the magistrate judge, would
13 conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district
14 judge.
15         3.  After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant
16 waived his right to a Rule 32.1(b)(2) hearing and admitted the charge summarized above.  The
17 magistrate judge found that he was fully competent and capable of admitting the charge in the
18 petition, that he was aware of the nature of the charge and the consequences of admitting it, and that
19 his admission and waiver of rights were knowing and voluntary.  This court thus recommends to the
20 district judge that it accept the defendant's admission.
21         4. Any party may serve and file specific written objections within fourteen days after being
22 served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file
23 objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).
24         5.  At the parties' request, this court set the matter for further proceedings before the district
25 judge on Wednesday, June 2, at 2:00 p.m.  The parties will jointly recommend to the district judge
26 that the defendant's supervised release should be revoked and that he should be sentenced to nine
27 months' custody and one year of supervised release, with an additional condition of supervision that
28

REPORT AND RECOMMENDATION
CR-05-00578-CW (DMR)                    2

1  requires him to stay away from Nia Sykes.

2  IT IS SO RECOMMENDED.

3  Dated: June 2, 2010



_____
DONNA M. RYU
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR-05-00578-CW (DMR)                    3